JS 44 (Rev. 07/16)

5-17-CV-0019

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

**DEFENDANTS**

17 0019

(b) County of Residence of First Listed Plaintiff CHESTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant LANCASTER
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
WILLIAM C. REIL
JOHN L. ROLLINS
1515 MARKET ST., STE 1200
PHILA. 19102
215-564-1635

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C 1983 et al FALSE ARREST / DUE PROCESS

Brief description of cause: PLAINTIFF ACQUITTED OF FELONY IN LANCASTER COUNTY

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE SLOMSKY / MAG HART DOCKET NUMBER 5:16-cv-02626-JHS

DATE 1/9/17

SIGNATURE OF ATTORNEY OF RECORD William C. Reil

JAN - 9 2017

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

JS 44 Reverse (Rev. 07/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

JHS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Richard Moore | : | CIVIL ACTION |
| v. | : AMR | 17 0019 |
| City of Lancaster et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 1/9/16 | William C. Reil | Richard Moore |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215-564-1635 | 215-564-4292 | BillReilLaw@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

JAN -9 2017

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JHS 17 0019

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2 Colonial Crest Drive, No. B, Lancaster, PA 17601

Address of Defendant: 120 North Duke Street, Lancaster, PA 17608-1599

Place of Accident, Incident or Transaction: LANCASTER COUNTY
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? NO
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: 5:16-cv-02626-JHS Judge Judge Slomsky/Mag. Hart Date Terminated: 12/7/16

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☒ No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

AP

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, William C Reil, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

JURY TRIAL DEMANDED

DATE: 1/9/17 WILLIAM C. REIL 26833
Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JAN - 9 2017

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.** * See ABOVE

DATE: 1/9/17 William C Reil 26833
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

JHS

#400

John L. Rollins Esquire
1408 Burke Road
West Chester, PA 19380
215-512-4219
Identification No. 65636

William C. Reil, Esquire
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
Identification No. 26833

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| RICHARD ANTHONY MOORE<br>2 Colonial Crest Drive, No. B<br>Lancaster, PA 17601<br><br>v.<br><br>CITY OF LANCASTER, a Municipal Government Entity<br>120 North Duke Street<br>Lancaster, PA 17608-1599<br><br>and<br><br>BOROUGH OF EPHRATA, a Municipal Government Entity<br>609 East Main Street<br>Ephrata, PA 17522<br><br>and<br><br>DETECTIVE PETER G. SHEPPARD<br>609 East Main Street<br>Ephrata, PA 17522<br><br>and<br><br>DETECTIVE GRAEME QUINN<br>609 East Main Street<br>Ephrata, PA 17522<br><br>and<br><br>POLICE OFFICER MATTHEW ODENTHAL<br>120 North Duke Street<br>Lancaster, PA 17608-1599 | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br>CIVIL ACTION NO. 17 0019<br><br>JURY TRIAL DEMANDED |

## COMPLAINT - CIVIL ACTION

## I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of Defendant Ephrata Police Detective Peter G. Sheppard, Defendant Ephrata Police Detective Graeme Quinn, ,and Defendant Lancaster Bureau of Police Officer Matthew Odenthal, who unlawfully detained, seized, arrested, and prosecuted Plaintiff Richard Anthony Moore without any reasonable suspicion, probable cause or legitimate basis and caused him to be unlawfully incarcerated at the Lancaster County Prison from on or about July 07, 2015 through October 28, 2016, in violation of the rights secured to the Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and who at all times material/relevant to this Complaint were grossly negligent and deliberately indifferent to Plaintiff's said rights. This action is also brought against Defendants City of Lancaster, PA and Borough of Ephrata, PA, who at all times material/relevant to this Complaint were responsible for the conduct of the police officers employed by the City of Lancaster and Borough of Ephrata respectively, and who at all times material/relevant to this Complaint were grossly negligent, deliberately indifferent in training, supervising, and implementing proper/meaningful procedures to ensure lawful official police conduct and taking corrective action with respect to police personnel, including Defendant Police Detective Peter G. Sheppard, Defendant Police Officer Matthew Odenthal, regarding the proper exercise of their police powers in a manner consistent with the Fourth and Fourteenth Amendments to the Constitution of the United States. The actions/inactions and conduct of the Defendant police officers/detectives/officials are the result of policies, practices, customs, and deliberate indifference on the part of Defendant City of Lancaster, PA and Defendant Borough of Ephrata, PA, respectively.

## II. JURISDICTION AND VENUE

2. This Court's jurisdiction is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(3) and (4), 2201 and 2202, 2283, and 2284, and Rule 65 of the Federal Rules of Civil Procedure. The asserted rights and interests of the Plaintiff exceed $175,000.00, exclusive of interest and costs. The substantive claims in this action arise under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff's state claims are before this Court pursuant to its supplemental jurisdiction as codified at 28 U.S.C. § 1367. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and all actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Defendants or Defendants have employees who reside within its jurisdictional limits.

## III. PARTIES

3. Plaintiff Richard Anthony Moore ("Plaintiff") is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

4. Defendant, City of Lancaster, is a municipal governmental entity of the Commonwealth of Pennsylvania maintaining offices at 120 North Duke Street, Lancaster, Pennsylvania 17608. Defendant City of Lancaster owns, operates, manages, supervises, directs, and controls the City of Lancaster Police Department, which at all times material/relevant to this Complaint, employed Defendant Police Officer Matthew Odenthal. Defendant City of Lancaster sets and implements the local policies that govern the City of Lancaster Police Department.

5. Defendant, Borough of Ephrata, is a municipal governmental entity of the Commonwealth of Pennsylvania maintaining offices at 609 East Main Street, Ephrata, Pennsylvania 17522. Defendant, Borough of Ephrata owns, operates, manages, supervises, directs, and controls the Borough of Ephrata Police Department, which at all times material/relevant to this Complaint employed Defendant Police Detective Peter G. Sheppard. Defendant, Borough of Ephrata sets and implements the local policies that govern the Borough of Ephrata Police Department.

6. Defendant Ephrata Police Detective Peter G. Sheppard ("Sheppard"), the affiant of the criminal complaint/probable cause affidavit with respect to Plaintiff's false and unlawful arrest of June 30, 2015, was at all times material/relevant to this Complaint, an agent, police officer, officer/detective, and employee of the Borough of Ephrata Police Department, and acting under color of state law, with an office located at 609 East Main Street, Borough of Ephrata, Pennsylvania 17522. Defendant Sheppard is being sued in his individual capacity

7. Defendant Ephrata Police Detective Graeme Quinn ("Quinn"), the detective who knowingly conducted fraudulent identification procedures to support the criminal complaint/probable cause affidavit with respect to Plaintiff's false and unlawful arrest of June 30, 2015, was at all times material/relevant to this Complaint, an agent, police officer, officer/detective, and employee of the Borough of Ephrata Police Department, and acting under color of state law, with an office located at 609 East Main Street, Borough of Ephrata, Pennsylvania 17522. Defendant Quinn is being sued in his individual capacity

8. Defendant Lancaster Police Officer Matthew Odenthal ("Odenthal"), the affiant of the criminal complaint/probable cause affidavit with respect to Plaintiff's false and unlawful arrest of August 05, 2015, was at all times material/relevant to this Complaint, an agent, police officer, and/or detective, and employee of City of Lancaster, PA Police Department, and acting under color of state law, with an office located at 120 North Duke Street, Lancaster Pennsylvania 17608. Defendant Odenthal is being sued in his individual capacity.

9. All Defendants, at all times material/relevant to this Complaint, were acting under the color of state law.

## IV. FACTUAL ALLEGATIONS

10. On or about June 30, 2015, Plaintiff Richard Anthony Moore was falsely and unlawfully arrested without reasonable suspicion and/or probable cause by the Borough of Ephrata Police Department after a transfer from Brooklyn, New York on the criminal charges, *inter alia*, of Statutory Sexual Assault and related charges.

11. The Borough of Ephrata Police Department stated, *inter alia*, in its May 05, 2015 Affidavit of Probable Cause, "In October 2014, the female victim reported to staff at the Youth Intervention Center that she had consensual sex with an older male several times over the summer of 2014. She related that she does not know his name but a friend of hers … may know his name and that her father may be able to identify the subject. As a result of this disclosure … was scheduled to have an interview at the Children's Alliance.

On November 19, 2014, an Alliance interview was conducted by Mary Halye … disclosed that she had met someone during the summer in Ephrata that went by the name 'dude' … stated that 'dude', later identified as Richard Anthony Moore, was a black male with short hair who was in his 40's … related that she had sexual intercourse with Moore three times during the summer of 2014 at the Ephrata Motel located at 535 State Street Ephrata, PA … related that Moore had her perform oral sex on him three times, he performed oral sex on her once, and he used his fingers to digitally penetrate her vagina one time.

… relates that the first sexual encounter with Moore happened on the same night one of her friends had attempted suicide and was in the hospital. A check of hospital records indicate that her friend was transported to Hershey Medical Center on July 01, 2014.

Ephrata Motel maintains a guest book to document who rents rooms in their establishment along with the date and the room number. A check of the guest book at the Ephrata Motel shows that Moore rented room # 7 on July 01, 2014 and July 02, 2014.

A police records check along with a check of the landlord/tenant listings showed that Moore had lived at … Ephrata, PA, during the summer of 2015, Moore fit the description provided by … and … and both identified Moore as the person they had known as 'dude' or 'D'. Your Affiant and Detective Quinn met with … father of … positively identified Moore as the subject he confronted in the Lancaster McDonalds after … had pointed him out – telling … that Moore was the person who had raped her …. He had spoken with Moore and asked him if he knew his daughter …. – to which Moore acknowledged seeing her around but denied any contact with her.

On March 10, 2015, at approximately 1335 hrs., Richard Moore came to the Ephrata Police Department speak with your Affiant and Detective Quinn. The non-custodial interview took place in Interview room # 4 within the Ephrata Police Department. Moore related that he did frequent the downtown Ephrata area and would speak with the kids in an effort to talk to them 'about the Bible and things of that nature' and that the kids call him 'preacherman.' He related that he also has spent some nights at the Ephrata Motel when Chandler would kick him out after an argument. Moore also related that he that he was confronted in the Fall of 2014 by someone in the Lancaster McDonalds who had accused him of being involved with his daughter. Moore initially denied knowing the victim but later acknowledged knowing her but says that he did not assault her.

Based upon the information contained within this affidavit, I respectfully request an arrest warrant be issued for Richard Moore, DOB … for the alleged sex offenses listed within this criminal complaint." Defendant Ephrata Police Detective Peter G. Sheppard signed his name as the Affiant of this Affidavit of Probable Cause.

12. On or about the October 02, 2014 in a Youth Intervention Center interview of the said subject female minor conducted by Georgina Stevenson, # 34139, indicates that, "… She reported she was with her 'street dad' since Sunday. She did not provide his name. She reported the man she was with was not her boyfriend. He is the person her 'street dad' said needed to watch over her … was asked if this 'street dad' was a pimp. She stated he was not and she is not a prostitute. The nurse had come in to do some paperwork and advised us that … was in fact not pregnant. … was still insistent that she was pregnant and that the hospital was wrong. The nurse told he they tested twice.

She was asked what drugs she was taking. She stated she had used K-2 today. Mollies yesterday and marijuana a few weeks ago. She also stated her dad is caring for a niece she considers her sister. …

… then talked about how in the past she had thoughts about harming herself. She denied any current thoughts. She stated it was her dad's fault she was 'fucked up' I asked how was it his fault. She stated he would tell her to cut herself. She had been cutting since the 4th grade. She stated when she was younger her brother molested her. He was young too. She stated it was like a game the cousins played. She stated her dad used to use drugs. When he did this his friends would come over and have sex with her. She couldn't recall any of the names. … also reported being raped by a boy at school, which is why she did not go to school. She also indicated a few times a man who drove around in an expensive car would pick her up, take her to a hotel and rape her. She did not want to have sex with him. He tried to pay her but she told him she wasn't a prostitute. He does it with a lot of younger girls

… continued to ask to call her dad. She was repeatedly told not at this time. She was upset because she promised her 'street dad' she would be at his hearing tomorrow. She was asked what the hearing was for. She stated he got caught in the park with drugs. The Nurse brought her some crackers and juice. … threw them around the room because she was angry she couldn't call her dad. She was told it was understandable she was upset but that did not give her the right to act that way and she was asked to pick up her mess. She began yelling and then called me several names and then picked up the mess."

13. It is believed and therefore averred that the Ephrata Police Department including named Defendant Detective Peter G. Sheppard had in their possession the October 02, 2014, Youth Intervention Center interview document; other documents, and other evidence prior to Plaintiff Richard Anthony Moore's arrest of which said evidence would have eliminated him as a suspect and subsequent arrest regarding the above referenced criminal charges. Instead, the Ephrata Police Department with deliberate indifference to Plaintiff Richard Anthony Moore's Constitutional Rights focused their unreasonable investigation on him without reasonable suspicion or probable cause.

14. It is believed and therefore averred that the Ephrata Police Department including named Defendant Detective Graeme Quinn with deliberate indifference to Plaintiff Richard Anthony Moore's Constitutional Rights conducted a tainted photo array lineup-identification process to establish probable cause to arrest him, that is, according to the July 27, 2015, Preliminary Hearing held before the Honorable Tony S.

Russell of Magisterial District Court 02-2-07 in Ephrata, PA, the subject female minor, testified under oath that, *inter alia*, that she was shown three pictures to identify the individual who purportedly sexually assaulted her at the Ephrata Motel on or about July and October, 2104. It is believed and therefore averred that all three said pictures were that of Plaintiff Richard Anthony Moore. Defendant Detective Graeme Quinn's Supplemental Report dated May 05, 2015, states, *inter alia*, "... To further the investigation, I reviewed the Ephrata Landlord Tennant registry and the Ephrata Police data base for every address between the 500 and 700 block of East Main St. I found a b/m 49 years old living at 526 East Main Street apartment J, identified as Richard Anthony Moore. Moore fits the physical description and the approximate age of the suspect that was provided by Mariah on February 12, I met with Mariah again for an interview. During the interview I showed Mariah a photograph of Mr. Moore. Mariah immediately identified Richard Anthony Moore as the same person that sexually assaulted her." Further, during said interview of February 12, 2015, Defendant Detective Graeme Quinn states, *inter alia*, "... okay ... now ... I showed you a picture today based on how you described this guy last time we talked ... so I showed you a picture of Richard Moore, right ... and you indicated that this is the person ... that raped you, correct ... and I asked you on a scale from 1 to 10 ... 10 being absolutely sure, not a doubt in your mind, where are you?" On or about November 01, 2016, or on or about November 03, 2016, Defendant Detective Graeme Quinn testified at Plaintiff's trial that he had shown the subject female minor one photo at the said photo array lineup to identify the person who sexually assaulted her and the said photo was that of Plaintiff Richard Anthony Moore.

15. It is believed and therefore averred that the Ephrata Police Department including named Defendant Detective Peter G. Sheppard and Defendant Detective Graeme Quinn knew or should have known that the Ephrata Motel's guest book/registry prior to Plaintiff Richard Anthony Moore's arrest was inaccurate, in fact, the said guest book indicated that two different persons had signed in as renting room # 7 on July 01, 2014, and July 02,2014, and that one of Ephrata Motel's owners/employees signed Plaintiff Richard Anthony Moore's name in the said guest book/registry instead of Plaintiff on July 01, 2014. the date it was alleged that Plaintiff committed the crimes for which he was charged. On July 02, 2014, Plaintiff Richard Anthony Moore signed his own name in Ephrata Motel's guest book/registry, a date that no crime was alleged to be committed.

16. It is believed and therefore averred that the Ephrata Police Department including named Defendant Detective Peter G. Sheppard misrepresented facts regarding Plaintiff Richard Anthony Moore's non-custodial interview which was used as their probable cause to arrest him, that is, *inter alia*, Mr. Moore never acknowledged that he knew or even had a conversation with the subject female minor.

17. On or about August 05, 2015, Plaintiff Richard Anthony Moore was falsely and unlawfully arrested by the City of Lancaster Police Department without reasonable suspicion and/or probable cause on the criminal charges, *inter alia*, Statutory Sexual Assault 11 Years Older (18 Pa. C.S. 3122.1 B), two charges of IDSI Person Less Than 16 YRS of Age (18 Pa. C.S. 3123. A7), Corruption Of

Minors – Defendant 18 Age or Above (18 Pa. C.S. 6301 A1ii), and Unlawful Contact with Minor – Sexual Offenses (18 Pa. C.S. 6318 A1).

18. City of Lancaster Police Department stated, *inter alia*, in its May 05, 2015 Affidavit of Probable Cause that, "That in January of 2015, the Lancaster City Bureau of Police were notified by Ephrata Police Department that M.N., H/F/15 reported having sexual relations with an adult male and on that one occurrence."

That M.N., H/F/15, D.O.B.: 03/26/1999 was interviewed at Lancaster Children's Alliance on 19 November 2014. During that interview M.N. referred to the person who had committed these acts as 'dude' or the 'guy'. M.N. stated that 'the guy' was known to her from the Ephrata area. The two met in a men's bathroom at the Marriott Hotel located at 25 S. Queen Street, Lancaster, PA in August/September of 2014 (the beginning of the school year). The guy made her perform oral sex on him and then he had sexual intercourse with her on the bathroom floor. M.N. described him as a tall black male with short hair who often wears a sweater, sweatpants and brown work boots.

That in February of 2015, Detective Graeme Quinn, Ephrata Police Department notified this affiant that he had identified the 'the guy,' as Richard Anthony Moore, B/M/49, D.O.B.: 12/20/1965.

That the victim was 15 years old and the Defendant was approximately 48 years old at the time of the incident and the two were not married to each other. The sexual acts performed on and with the M.N. tended to corrupt her morals."

Defendant Lancaster Police Officer Matthew Odenthal signed his name as the Affiant of this Affidavit of Probable Cause.

19. It is believed and therefore averred that the Lancaster City Bureau of Police including named Defendant Police Officer Matthew Odenthal knew or should have known about the alleged subject incident at the Marriott Hotel in Lancaster prior to Plaintiff Richard Anthony Moore's arrest by them.

20. It is believed and therefore averred that the Lancaster City Bureau of Police including named Defendant Police Officer Matthew Odenthal had in their possession the October 02, 2014, Youth Intervention Center interview document; other documents, and other evidence prior to Plaintiff Richard Anthony Moore's arrest of which said evidence would have eliminated him as a suspect and subsequent arrest regarding the above referenced criminal charges. Instead, the Lancaster City Bureau of Police with deliberate indifference to Plaintiff Richard Anthony Moore's Constitutional Rights focused their unreasonable investigation on him without reasonable suspicion or probable cause.

21. It is believed and therefore averred that the Lancaster City Bureau of Police including named Defendant Police Officer Matthew Odenthal with deliberate indifference failed to conduct a reasonable independent investigation of their own of the alleged subject incident at the Marriott Hotel in Lancaster prior to Plaintiff Richard Anthony Moore's arrest by them and merely adopted the January of 2015 notification of Ephrata Police Department and other information supplied by the Ephrata Police Department.

22. Defendants Sheppard, Quinn and Odenthal failed to follow generally accepted police investigative practices and made no effort to either interview the males or

investigate the males indicated in the October 02, 2014 Youth Intervention Center interview of the said subject female minor with respect to sexual assaults.

23. Instead of following the investigative leads described above, Defendants Sheppard, Quinn and Odenthal focused their investigation exclusively on Plaintiff Richard Anthony Moore.

24. On or about November 03, 2016, Plaintiff Richard Anthony Moore was acquitted of all the subject charges in a three-day jury trial held at the Lancaster County Court of Common Pleas.

25. At all times material/relevant to this Complaint, Plaintiff did not commit any offense in violation of the laws of the City of Lancaster, the Borough of Ephrata, and the Commonwealth of Pennsylvania, or the United States.

26. At all times material/relevant to this Complaint, none of the Defendants had probable cause and/or reasonable suspicion that Plaintiff had engaged in any illegal activities. There was no basis to make a criminal report, to initiate an arrest, to seize, to detain, to search, to incarcerate Plaintiff, to file criminal charges against him, and to prosecute those charges.

27. At all times material/relevant to this Complaint, Plaintiff Richard Anthony Moore did not violate any laws or engage in any criminal behavior or engage in any conduct which would justify the Defendants' conduct. At all times material/relevant to this Complaint, all Defendants knew or should have known that Plaintiff was not involved whatsoever in the aforesaid sexual assaults sexual/incidents with the subject minor female.

28. At all times material/relevant to this Complaint, there was no legal cause to justify the detention, seizure, search, arrest, prosecution, and incarceration of Plaintiff.

29. At no time material/relevant herein did Defendants reasonably believe that their conduct toward Plaintiff Richard Anthony Moore was lawful, privileged, or otherwise permissible under the laws or Constitutions of the United States and the Commonwealth of Pennsylvania, or that the laws regarding the rights of citizens such as Plaintiff were in any way unsettled and not clearly established.

30. At all times relevant to this Complaint, the conduct, actions and/or inactions of all Defendants were intentional, willful, reckless, malicious, deliberately indifferent, and grossly negligent with respect to Plaintiff Richard Anthony Moore's rights under federal and state law. The aforesaid conduct, actions and/or inactions of all Defendants constitute conduct so egregious as to shock the conscience.

31. At all times relevant to this Complaint, Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiff's federal and state constitutional rights by, *inter alia*, subjecting him to unlawful detention, unlawful arrest, unlawful seizure, unlawful search, false imprisonment, and malicious prosecution.

32. At all times relevant to this Complaint, Defendants City of Lancaster and Borough of Ephrata with deliberate indifference with respect to Plaintiff's constitutional rights secured to him and other citizens under the Fourth and Fourteenth Amendments of the Constitution of the United States, failed to develop and implement policies, practices, and procedures to ensure that said constitutional rights would be protected and safe from the aforesaid conduct of all named Defendants; Defendants City of Lancaster and Borough of Ephrata also have failed to properly train, supervise and discipline police officers, including the individual Defendants, regarding constitutional restraints on the police power to detain, arrest, search, incarcerate, and prosecute individual citizens, and this practice and policy caused the Constitutional violations in this action. All Defendants acted jointly and in concert and conspiracy to maliciously bring fabricated and false sexual assault charges against Plaintiff.

33. The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of Defendants City of Lancaster and Borough of Ephrata, which has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of, *inter alia*:

a. Legal cause to stop, detain, and arrest a citizen;

b. Establishing and maintaining a policy to appoint, train, and supervise police officers employed by the City of Lancaster who would enforce and obey the laws of the Commonwealth of Pennsylvania and protect individual rights guaranteed by the United States Constitution and the Constitution of the Commonwealth of Pennsylvania;

c. The proper exercise of police powers, including but not limited to: the unreasonable use of force; unlawful arrests; malicious prosecutions; racially discriminatory arrests; racial profiling; unlawful detentions and prosecutions; and violations of citizens' constitutional rights, particularly their liberty rights to be secure in their person and to be free from unlawful searches and seizures/arrests;

d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

f. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the power to seize and arrest citizens under such circumstances as presented by this case; and failing to require the Police Department of the City of Lancaster and Borough of Ephrata promulgate, institute, and implement policies and procedures consistent with the requirements of Pennsylvania law and individuals rights guaranteed by the United States Constitution; and the failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens including their rights to equal protection under the law.

34. As a direct and proximate result of the conduct of all Defendants, Plaintiff Richard Anthony Moore was incarcerated at the Lancaster County Prison, Lancaster, PA, for approximately sixteen months.

35. As a direct and proximate result of all the Defendants' unwarranted, illegal and unconstitutional actions, Plaintiff Richard Anthony Moore suffered extraordinary damages, *inter alia*, prolonged loss of liberty, physical pain and illness, fear, horror, severe depression, restlessness, difficulty in sleeping, nervousness, chagrin, embarrassment, humiliation, as well as severe mental and emotional distress and trauma, and a loss of enjoyment of life and life's pleasures, financial losses, and some or all of the foregoing damages may be permanent.

36. The damages suffered by Plaintiff Richard Anthony Moore were the direct and proximate result of the conduct of all Defendants, jointly, severally, directly or vicariously.

37. The above cited damages of Plaintiff Richard Anthony Moore were directly and proximately caused by all Defendants' acts and omissions. As a result of sustaining said damages, Plaintiff has and will in the future likely continue to suffer from pain, hospitalization, medical costs and related expenses for which he is entitled to compensation.

## V. CLAIMS FOR RELIEF
### COUNT I - Federal Constitutional Claims
### Richard Anthony Moore v. All Defendants

38. Plaintiff incorporates Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

39. At all times material/relevant to this Complaint, all Defendants acted jointly and in concert and conspiracy and with malice to maliciously bring, *inter alia*, fabricated sexual assault charges against Plaintiff.

40. As a direct and proximate result of the actions and omissions of Defendants, Plaintiff was deprived of rights, privileges, and immunities secured unto him by the laws and Constitution of the United States.

41. Defendants, together and/or with others, conspired to violate and/or did violate the constitutional rights of Plaintiff.

42. The Defendants' actions and/or inactions deprived Plaintiff of the equal protection of the laws and his rights, privileges and immunities under the laws and the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments hereof and in violation of 42 U.S.C. § 1985; 42 U.S.C. § 1983; his right to be secure in his person and property, his right to be free from the unlawful detention, to be free from unlawful searches and seizures, to be free from unlawful arrest, to be free from unlawful imprisonment, and to be free from violations of due process of law.

43. The above-described actions of the Defendants were so malicious, intentional, and reckless and displayed such a reckless and deliberate indifference to the Plaintiff's rights and wellbeing, that the imposition of punitive damages is warranted.

**COUNT II - Federal Constitutional Claims**
**POLICY, CUSTOM, PATTERN AND PRACTICE**
**Richard Anthony Moore v. City of Lancaster and Borough of Ephrata**

44. Plaintiff incorporates Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

45. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff was deprived of his right to be free from unlawful search and seizure, unlawful arrest, malicious prosecution, unlawful imprisonment, and to be secure in his person. As a result, Plaintiff suffers and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

46. The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of Defendants City of Lancaster and Borough of Ephrata, which has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of, *inter alia*:

a. Legal cause to stop, detain, and arrest a citizen;

b. Establishing and maintaining a policy to appoint, train, and supervise police officers, including the chief of police employed by the City of Lancaster and Borough of Ephrata, who would enforce and obey the laws of the Commonwealth of Pennsylvania and protect individual rights guaranteed by the United States Constitution and the Constitution of the Commonwealth of Pennsylvania;

c. The proper exercise of police powers, including but not limited to: the unreasonable use of force; unlawful arrests; unlawful imprisonments; malicious

prosecutions; unlawful detentions and prosecutions; and violations of citizens' constitutional rights, particularly their liberty rights to be secure in their person and to be free from unlawful searches and seizures/arrests;

d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

f. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the power to seize and arrest citizens under such circumstances as presented by this case; and failing to require the Police Department of the City of Lancaster to promulgate, institute, and implement policies and procedures consistent with the requirements of Pennsylvania law and individuals rights guaranteed by the United States Constitution; and the failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by the City of Lancaster police officers.

**COUNT III - State Law Claims**
**Richard Anthony Moore v. Police Officer Matthew Odenthal, Detective Graeme Quinn, and Detective Peter G. Sheppard**

47. Plaintiff incorporates Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

48. The actions/inactions of Defendant Odenthal, and Defendant Sheppard, constitute the torts of false arrest, false imprisonment, malicious prosecution, invasion of privacy, and civil conspiracy under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff Richard Anthony Moore respectfully requests:

1. Compensatory damages;
2. Punitive damages against all Defendants except Defendant City of Lancaster and Defendant Borough of Ephrata;
3. Reasonable attorney fees and costs;
4. Such other and further relief as may appear just and appropriate.
5. Plaintiff hereby demands a jury trial as to each count and each Defendant.

Respectfully submitted,

John L. Rollins, Esquire
ID# 65636
1408 Burke Road
West Chester, PA 19380
215-512-4219
johnrollinsesq@gmail.com
Counsel for Plaintiff

William C. Reil, Esquire
ID# 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
billreillaw@gmail.com
Counsel for Plaintiff